IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DE'MARCUS CHAPMON, | § | |
| (former Chambers County #49887) | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-08-0077 |
| | § | |
| SHERIFF JOE LARIVE, *et al.,* | § | |
| | § | |
|     Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

De'Marcus Chapmon, a former inmate of the Chambers County, Texas jail, sued in January 2008, alleges that his civil rights were violated when he was bitten by a snake. Chapmon, proceeding *pro se* and *in forma pauperis*, sues the Sheriff of Chambers County, the Chambers County Jail, and the Chambers County Maintenance Department. This court concludes that as a matter of law, Chapmon's claims cannot proceed. This case is dismissed by separate order. The reasons are explained below.

**I.    Chapmon's Allegations**

Chapmon claims that on December 9, 2007, he was in his cell getting dressed in preparation for an exercise session. He put on his shoe, felt something move, removed the shoe, and saw a snake. Chapmon states that he was bitten by the snake. Chapmon assumes that the snake came through floor cracks or the toilet. He does not know of any other inmate bitten by a snake. Chapmon states that the staff of the Chambers County Jail was "just as

shock[sic] as me, when I got bit [sic]." (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 2). Chapmon asserts that as a result of the snake bite, his foot became swollen, his little toe became numb, and he had bad dreams. Chapmon was treated at the hospital, where he was given Motrin, Tylenol, penicillin, and a sleeping medication.

Chapmon alleges that Sheriff Larive failed to maintain a safe environment in the Chambers County Jail. Chapmon asks this court to appoint counsel.

## II. Analysis

### A. The Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against jail officials.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v.*

*Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### B. The Failure to Protect Claim

Chapmon alleges that the defendants failed to protect his personal safety by allowing a snake to enter his cell and bite his foot. An inmate's claim that his Eighth Amendment rights were violated because prison officials failed to protect him from harm requires a showing that the officials acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). This standard compares to "subjective recklessness as used in the criminal law." *Id*. at 839-40. The inmate must show that the officials knew facts from which an inference of risk could be drawn and that they drew the inference. Under special circumstances, official knowledge of a substantial risk may be inferred from the obviousness of that risk. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

In response to this court's request for a more definite statement, Chapmon stated that no other inmates had been bitten by a snake in the Chambers County Jail. (Docket Entry No. 4, Order for More Definite Statement, p. 2). Chapmon added that the jail officials were just as surprised as Chapmon to learn that a snake was found in a jail cell. (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 2). When Chapmon told jail officials about the snake bite, they responded by killing the snake and providing Chapmon with emergency medical services. (*Id*. at 3).

Chapmon's own allegations defeat any showing that the jail officials were deliberately

indifferent to Chapmon's pleadings. The allegations show that jail officials did not know that a snake could get into a cell. As soon as Chapmon told the officials about the bite, they promptly provided medical treatment. These facts cannot as a matter of law support an inference that the defendants knew of, and disregarded, a substantial risk to Chapmon's health and safety, in violation of his constitutionally protected rights. Chapmon's claim is dismissed.

**IV.    Conclusion**

The action filed by De'Marcus Chapmon (former Chambers County #49887) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). The motion for appointment of counsel is denied as moot.

It appears that Chapmon has been released from the custody of the Chambers County Jail. Chapmon must pay the entire filing fee of $350.00 in monthly installments of $25.00. The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to: the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on July 21, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge